Huang v. Lynch

BIA
Nelson, IJ
A205 048 735

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.   WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1st day of March, two thousand sixteen.

PRESENT:
            DENNIS JACOBS,
            SUSAN L. CARNEY,
            CHRISTOPHER F. DRONEY,
                *Circuit Judges.*

_____

CHUNYUN HUANG,
            *Petitioner,*

            v.                                           14-4699
                                                         NAC
LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,
            *Respondent.*

_____

FOR PETITIONER:          Gary J. Yerman, New York, New York.

FOR RESPONDENT:          Benjamin C. Mizer, Principal Deputy
                         Assistant Attorney General; Emily
                         Anne Radford, Assistant Director;
                         Nehal H. Kamani, Trial Attorney,
                         Office of Immigration Litigation,

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Chunyun Huang, a native and citizen of the People's Republic of China, seeks review of a December 2, 2014, decision of the BIA, affirming a March 11, 2013, decision of an Immigration Judge ("IJ") denying Huang's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Chunyun Huang,* No. A205 048 735 (B.I.A. Dec. 2, 2014), *aff'g* No. A205 048 735 (Immig. Ct. N.Y. City Mar. 11, 2013). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the IJ's decision as modified by the BIA, *i.e.*, minus the basis for denying relief that the BIA did not explicitly consider (the IJ's adverse credibility finding). *See Chuilu Liu v. Holder*, 575 F.3d 193, 194, 196 (2d Cir. 2009). The applicable standards of review are well established. 8 U.S.C. § 1252(b)(4)(B); *Chuilu Liu*, 575 F.3d at 196. The agency reasonably concluded

that Huang failed to satisfy her burden of proof by providing reasonably available evidence to corroborate her claim that she was forced to abort a pregnancy under China's family planning policy.

An applicant may establish eligibility for asylum by demonstrating that she "has been forced to abort a pregnancy . . . [under] a coercive population control program." 8 U.S.C. § 1101(a)(42). "While consistent, detailed, and credible testimony may be sufficient to carry the alien's burden, evidence corroborating h[er] story, or an explanation for its absence, may be required where it would reasonably be expected." *Diallo v. INS*, 232 F.3d 279, 285 (2000). Before denying a claim solely based on an applicant's failure to provide corroborating evidence, the IJ must, either in her decision or otherwise in the record (1) identify the specific evidence missing, and explain why it was reasonably available; (2) provide an opportunity to explain the omission; and (3) assess any explanation given. *Chuilu Liu*, 575 F.3d at 198.

In this case, it was reasonable for the agency to require corroboration because Huang's testimony was evasive and inconsistent at times and thus not sufficiently persuasive. *See* 8 U.S.C. § 1158(b)(1)(B)(ii); *see also Chuilu*, 575 F.3d at

196-97. Moreover, the agency properly identified the missing evidence, noting that neither Huang's husband nor her sister-in-law had submitted letters to corroborate her claim despite their firsthand knowledge of the relevant underlying events. Huang was provided an opportunity to explain why this evidence was missing, but she repeatedly avoided giving a direct answer before finally admitting that she had not requested such letters. *See Chuilu Liu*, 575 F.3d at 198 ("[T]he alien bears the ultimate burden of introducing such evidence without prompting from the IJ."). Furthermore, although Huang submitted a medical certificate, it corroborated that she had used an intrauterine device, but it did not corroborate her alleged abortion.

Accordingly, the agency did not err in finding that Huang failed to satisfy her burden of demonstrating past persecution. *Id.* at 196-98. That finding is dispositive of asylum, withholding of removal, and CAT relief because all three claims were based solely on her assertion of a forced abortion. *See* 8 C.F.R. §§ 1208.13(b)(1), 1208.16(b)(1), (c)(3).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED,

4

and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

                                    FOR THE COURT:
                                    Catherine O'Hagan Wolfe, Clerk